ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
1 ^The Committee on Bar Admissions (“Committee”) opposed the application of petitioner, Mark W. Rogers, to sit for the Louisiana Bar Examination based on character and fitness concerns relating to his 1995 arrest for a felony drug violation and his failure to complete the sentence imposed by the court. In addition, the Committee noted a lack of documentation regarding petitioner’s prior treatment for a history of substance abuse, and expressed concern about petitioner’s traffic record, which included at least one DWI offense. We subsequently granted petitioner permission to sit for the bar exam, with the condition that upon his successful completion of the exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence.[1]
Petitioner thereafter successfully passed the essay portion of the bar exam, and upon his application, we appointed a commissioner to take evidence and report to this court whether petitioner possesses the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana. We also authorized the Office of Disciplinary Counsel to conduct an investigation into petitioner’s qualifications to be admitted to the bar.
The commissioner conducted a character and fitness hearing in August 2005, pursuant to Supreme Court Rule XVII, § 9(B). The commissioner received | ^documentary evidence and heard testimony given by petitioner and his witnesses. At the conclusion of the hearing, the commissioner filed his report with this court, recommending that petitioner be denied admission to the practice of law in Louisiana at this time. Petitioner objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(B)(3).
After reviewing the evidence and considering the law, we conclude petitioner is eligible to be conditionally admitted to the practice of law in Louisiana, subject to a probationary period of five years. The probationary period may be extended upon recommendation of the Executive Director of the Lawyers Assistance Program. During the probationary period, petitioner shall comply with all of the terms and conditions of the contract executed by him with the Lawyers Assistance Program, and such other conditions as may be imposed upon him by the Executive Director of the Lawyers Assistance Program. Should pe *897 titioner fail to make a good faith effort to satisfy these conditions, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
CONDITIONAL ADMISSION GRANTED.
JOHNSON, J., concurs.
VICTORY, J., dissents.
WEIMER, J., dissents and assigns reasons.
TRAYLOR, J., dissents for reasons assigned by WEIMER, J.

. In re: Rogers, 04-1801 (La.7/20/04), 877 So.2d 993.